## Anderson v. Anderson

*Wisler, Pearlstine, Talone & Gerber,* for plaintiff.

*William A. O'Donnell, Jr.,* for defendant.

KNIGHT, P. J., May 18, 1951.—This divorce case was started on July 30, 1948, and the docket entries fill over two typewritten pages.

On November 15, 1950, defendant filed a petition, on which a rule was allowed, to show cause why an order should not be made, requiring plaintiff to pay counsel fees and expenses to defendant. The proceedings were stayed pending the disposition of the rule.

Plaintiff filed a responsive answer, and the case was ordered on the argument list. Questions of fact are raised by the petition and answer, both as to the income of plaintiff and defendant.

No depositions have been taken.

On April 10, 1951, plaintiff filed a rule to proceed under Rule 209 of the Pennsylvania Rules of Civil Procedure. Defendant filed an answer on April 17, 1951, in which it is averred that defendant is an inmate of the Norristown State Hospital in a complete security building.

The answer does not aver that defendant is mentally incompetent to testify and it was stated at the argument that she was confined in the institution as an inebriate.

Under these circumstances we are of the opinion that plaintiff should not be further delayed or the case longer continued because of the lack of depositions in support of defendant's own rule.

We therefore make the following order:

And now, May 18, 1951, the rule is made absolute and defendant allowed 30 days from this date within which to file depositions in support of her rule.

The stay of proceedings is abrogated.

If defendant does not file depositions within 30 days plaintiff may put the case on the argument list as provided in Pa. R. C. P. 209.